**SO ORDERED.**

**SIGNED this 24 day of June, 2024.**



_____
**David M. Warren**
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# RALEIGH DIVISION

| | |
|---|---|
| **IN RE:** | **CASE NO. 24-01680-5-DMW** |
| **ADAM ROBERT LISK** | **CHAPTER 11** |
| **DEBTOR** | |

## ORDER DISMISSING CASE

This matter comes on to be heard upon the Expedited Motion to Dismiss Case with Prejudice as to Refiling filed by the United States Bankruptcy Administrator ("BA") on May 20, 2024, the response thereto filed by Adam Robert Lisk ("Debtor") on May 28, 2024 and the court's Order to Show Cause why this case should not be dismissed for the Debtor's failure to file a list of his 20 largest unsecured creditors, a Declaration concerning his Schedules, Schedules A through J, a Statement of Financial Affairs, a Statement of Current Monthly Income and a Summary of Schedules. The court conducted a hearing in Raleigh, North Carolina on June 11, 2024. Brian C. Behr, Esq. appeared as BA, the Debtor appeared *pro se*, and Kevin L. Sink, Esq. appeared as Chapter 7 trustee in the Debtor's prior case that remains pending, Case Number 21-01320-5-DMW. Based upon the pleadings, the arguments of the parties and the case record, the court makes the following findings of fact and conclusions of law:

1. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the court has the authority to hear and determine the matter pursuant to 28 U.S.C. § 157(b)(1). The court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157(a) and 1334 and the General Order of Reference entered on August 3, 1984 by the United States District Court for the Eastern District of North Carolina.

2. The Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code on May 20, 2024 and designated himself as a small business debtor.

3. The Debtor failed to file with the petition a list of his 20 largest unsecured creditors as required by Rule 1007(d) of the Federal Rules of Bankruptcy Procedure, a Declaration concerning his Schedules as required by Rule 1008 of the Federal Rules of Bankruptcy Procedure, Schedules A through J and a Statement of Financial Affairs as required by 11 U.S.C. § 521(a)(1) and Rule 1007(b)(1), a Statement of Current Monthly Income as required by Rule 1007(b)(5) and a Summary of Schedules on Official Form 106Sum.

4. A voluntary Chapter 11 debtor's list of 20 largest unsecured creditors is to be filed with the petition. Fed. R. Bankr. P. 1007(d). Schedules A through J, the Statement of Financial Affairs and the Statement of Current Monthly Income "shall be filed with the petition or within 14 days thereafter." Fed. R. Bankr. P. 1007(c). The court issued a Deficiency Notice on May 20, 2024 advising the Debtor that he must file the required documents by June 3, 2024.

> Except as provided in § 1116(3), any extension of time to file schedules, statements, and other documents required under this rule may be granted only on motion for cause shown and on notice to the United States trustee, any committee elected under § 705 or appointed under § 1102 of the Code, trustee, examiner, or other party as the court may direct.

*Id.*

5. Section 1116(3) requires that in a small business case, the debtor in possession shall "timely file all schedules and statements of financial affairs, unless the court, after notice and a hearing, grants an extension, which shall not extend such time period to a date later than 30 days after the date of the order for relief, absent extraordinary and compelling circumstances." 11 U.S.C. § 1116(3).

6. The Debtor did not seek an extension of time to file the required documents in this case. He filed some of the documents on the day of the hearing, but those filings are not timely, and the list of 20 largest unsecured creditors remains incomplete. The Debtor's failure to comply with the United States Bankruptcy Code and the Federal Rules of Bankruptcy Procedure constitutes cause to dismiss this case pursuant to 11 U.S.C. § 1112(b)(1). *See In re Dandy Doughboy Donuts, Inc.*, 66 B.R. 457 (Bankr. S.D. Fla. 1986) (dismissing Chapter 11 debtor's case and discussing specifically the importance of compliance with Rule 1007(d)).

7. On May 24, 2024, upon request of the BA, the court entered an Order Prohibiting Transfer of Assets and Compelling Attendance at Hearing ("Prohibition Order") prohibiting the Debtor from moving, transferring, selling, dissipating, or wasting any property in his possession, custody or control, including property owned by another and property located within the space leased by the Debtor or his entity. At the hearing on June 11, 2024, the Debtor conceded that he removed property from the leased space due to the perceived threat that the lessor of the property may confiscate it.

8. Notwithstanding the court's dismissal of this case, the Prohibition Order will remain in full force and effect, and the court will retain jurisdiction to determine whether or not any violation of the Prohibition Order occurred; now therefore,

It is ORDERED, ADJUDGED and DECREED as follows:

3

1.       The Debtor's case be, and hereby is, dismissed;

2.       Notwithstanding the court's dismissal of this case, the Prohibition Order remains in full force and effect, and the court retains jurisdiction to determine whether or not any violation of the Prohibition Order occurred; and

3.       The Debtor shall pay the quarterly fee required under 28 U.S.C. § 1930(a)(7) in the amount of $250.00 no later than July 11, 2024.

END OF DOCUMENT